UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| TIMOTHY DUGGER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 1:16cv00174HEA |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's motion to Vacate, Set Aside or Correct Sentence [Doc. #1] pursuant to 28 U.S.C. § 2255, wherein he asserts *Johnson v. United States,* 135 S. Ct. 2551 (2015) is applicable. The United States of America has filed a Response to Petitioner's Habeas Petition [Doc. #8]. Petitioner has filed a Traverse to Government's Response to Petitioners 28 U.S, C. §2255 [Doc. #9].For the reasons set forth below the Motion will be denied.

## **Facts and Background**

On May 7, 2003, Petitioner entered a plea of guilty to the offense of Felon in Possession of a Firearm in violation of 18, U.S.C. § 922(g)(1). A Presentence

Investigation Report was prepared. That report recommended that Petitioner be sentenced as an Armed Career Criminal ("ACC") under the Armed Career Criminal Act ("ACCA") (18 U.S.C. § 924(e)) and concluded that the Total Offense Level was 30. His Criminal History Category was determined to be VI and the resulting sentencing range was 180 to 210 months. He was determined to be an ACC based on the existence of convictions for Second Degree Burglary, a felony, on October 5, 1998, in the Circuit Court of Ripley County, Missouri, in Case Number CR598-612FX; Second Degree Burglary, a felony, on December 20, 1999, in the Circuit Court of Ripley County, Missouri, in Case Number CR599-662FX; and Second Degree Burglary, a felony, on August 19, 2002, in the Circuit Court of Ripley County, Missouri, in Case Number CR502-338FX . Offense Level of 31.

The court conducted a sentencing hearing on August 5, 2003 and found Petitioner to be an Armed Career Criminal and sentenced him to a term of imprisonment of 180 months. There were no appeals of his conviction or sentence and no previously filed petitions under § 2255.

## Petitioner's Claim

Petitioner claims that he is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). He argues that the Missouri burglary statute is overbroad and may not be used to classify a conviction

under that statute as a violent felony. Petitioner has three convictions for Missouri Second Degree Burglary of buildings

## Discussion

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. The Supreme Court has since determined that *Johnson* announced a new substantive rule of constitutional law that applies retroactively on collateral review in cases involving ACCA-enhanced sentences. *United States v. Welch*, 136 S. Ct. 1257 (2016). However, the Court's holding in *Welch* that *Johnson* applies retroactively in ACCA cases on collateral review does not govern the separate question of whether *Johnson* applies retroactively to claims based on the Sentencing Guidelines.

Title 18, United States Code, Section § 922(g)(1) provides that a person who has been previously convicted of a felony is prohibited from possessing a firearm or ammunition that has affected interstate commerce. Any person who unlawfully possesses a firearm in violation of this section is subject to a term of imprisonment of up to ten years. 18 U.S.C. § 924(d). However, the ACCA provides that any defendant convicted in federal court of being a felon in possession of firearms and/or ammunition *and* who has three prior felony convictions for violent felonies

3

and/or serious drug offenses must receive an enhanced punishment of a maximum of life and a minimum term of imprisonment of fifteen years. 18 U.S.C. § 924(e).

A "violent felony" is defined as:

(B) the term "violent felony" means any crime punishable by imprisonment for a
term exceeding one year, . . . , that –
   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
   (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis furnished).

The remaining definitions of a violent felony remain viable for determining whether a defendant is an Armed Career Criminal. *Johnson*, 135 S.Ct. at 2563. ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process… *Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony*.") (Emphasis furnished).

In *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143 (1990), the Supreme Court set out what qualified as a "burglary" for purposes of the enumerated crimes section of 18 U.S.C. § 924(e)(2)(B). The Court determined for a previous burglary conviction to qualify as an enumerated violent crime, it must be for the "unlawful or unprivileged entry into, or remaining in, a building or

structure, with intent to commit a crime." *Id.* at 599. The convictions of which Petitioner complains as improperly utilized in finding him to be ACCA eligible were all for burglaries of buildings. His position is patently misguided. A review of the charging Information related to each Burglary charge clearly demonstrates that Petitioner was convicted of burglarizing a building for each of his felony convictions, which are demonstrated *Taylor* enumerated violent felonies.

The Missouri statute requires the state prosecutor to charge either a building burglary or an inhabitable structure burglary and upon conviction the defendant is only criminally liable for one of those two alternatives. The judge's determination is not dependent on the facts of the case as related by police reports, but is only dependent on the state statute and the defendant's charging Information. The fact that a building alternative is set out as an element in the Missouri crime of burglary, makes a conviction under the Missouri statute for building burglary a violent felony. Consistent with the proposition of *Taylor* Petitioner's indivisible argument is roundly defeated. The Missouri statute is clearly divisible. This of course leads to one inescapable conclusion, no doubt to the dismay of Petitioner---the prior burglary convictions of buildings were violent felonies.

**Conclusion**

Based upon the foregoing analysis, Petitioner has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DENIED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 31st day of March, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE